UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

AUG 2 6 2013

ROBERT N TRGOVICH, Clerk
U.S DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LaRIA CREWS, | ) |
| Plaintiff, | ) ) ) CASE NO.: |
| vs. | ) ) ) |
| SGT. PETE SORMAZ, Individually and as Commander of Supportive Services for the City of Gary Police Department; CHIEF WADE INGRAM, Individually and as Chief of the City of Gary Police Department, CITY OF GARY POLICE DEPARTMENT, And THE CITY OF GARY, INDIANA, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

2 13CV 292

## COMPLAINT

Comes now Plaintiff, LaRia Crews, by counsel, April L. Board and for her cause of action against the Defendants, Sgt. Pete Sormaz, Individually and as Commander of Supportive Services for the City of Gary Police Dept, Chief Wade Ingram, Individually and as Chief of the City of Gary Police Department, City of Gary Police Department, and the City of Gary, Indiana and states as follows:

1. That Plaintiff, LaRia Crews, is and was at all relevant times, a black female, who resides in Lake County, Indiana.

2. That on or about October 25, 2012, and at all relevant times hereto, said Plaintiff, LaRia Crews, was employed by the City of Gary Police Department in the City of Gary, State of Indiana.

3. That on or about October 25, 2012, and at all other relevant times, the Defendant, Sgt. Pete Sormaz, was employed by the City of Gary Police Department as Commander of Supportive Services and was a supervisor for the Plaintiff.

4. That on or about October 25, 2012, and at all other relevant times, the Defendant, Chief Wade Ingram, was employed as the Chief of Police for the City of Gary Police Department and was Plaintiff's commanding officer.

5. That the Defendants, City of Gary and City of Gary Police Department, are governmental entities and Plaintiff's employer at all relevant times herein.

6. That this is an action arising under the laws of the United States of America, in particular Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

7. The jurisdiction of this court is invoked pursuant to the provisions of Title VII, 42 U.S.C. §§2000e-5 and 2000e-16(c), and the general civil rights jurisdictional provisions of 28 U.S.C. §1343(a)(4).

8. That this is an employment discrimination case wherein the Plaintiff was intentionally and unlawfully discriminated against due to her race and/or sex by the named Defendants.

9. The Defendants, City of Gary Police Department and the City of Gary have maintained, acquiesced in the maintaining of, or failed to take appropriate required action to eliminate a general and consistent pattern and practice of racial and/or sexual discrimination by Sgt. Pete Sormaz and Chief Wade Ingram.

10. That this discrimination was committed by the Defendant, Sgt. Pete Sormaz on October 25, 2012, when Sgt. Sormaz ordered the Plaintiff, LaRia Crews to provide him with a

radio programmed with secure channels. Officer Crews advised her superior, Sgt. Sormaz that the standard operating procedures required a written order from the Chief of Police for her to do so, at which time Sgt. Sormaz began yelling at the Plaintiff in a berating manner and demanding that she provide him the programmed radio by the end of the day.

11. On the same date of October 25, 2012, after the verbal altercation, the Defendant, Chief Wade Ingram issued a transfer Order at the request of Sgt. Pete Sormaz, wherein the Plaintiff was transferred from the Administrative Services Division as IDACs Coordinator to patrol in Uniform Services Division. No reason for the transfer was provided by the Defendants.

12. That the Plaintiff, LaRia Crews was replaced as IDACs Coordinator by a male officer with less qualifications, training and seniority than the Plaintiff.

13. The above specified acts and others constituted a continuing pattern of conduct which created an offensive and hostile working environment.

14. Plaintiff complained of the acts against her, but could obtain no relief.

15. Plaintiff reasonably concluded in February, 2013, that the conduct constituted a continuing violation of her rights to be free from discrimination in the terms and conditions of her employment because of her race and/or sex.

16. On or about February 25, 2013, Plaintiff filed a Complaint with the Gary Human Relations Commission alleging race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended.

17. That on May 28, 2013, the Plaintiff received her Notice of Right to Sue Letter from the U.S. Equal Employment Opportunity Commission.

18. This suit is being brought within 90 days of the receipt by plaintiff of notice of such final agency administrative action on that part of her formal complaint.

19. The continuing course of Defendants' conduct as recited above, has proximately damaged plaintiff by increased inconvenience and expense in performing her assigned duties, by depriving plaintiff of opportunities for professional advancement and higher pay, by subjecting the plaintiff to humiliation and emotional distress, by damaging plaintiff's personal reputation, and by adversely affecting plaintiff's earning capacity.

20. Defendants have acted and continue to discriminate and retaliate against the plaintiff because of plaintiff's race and/or sex and plaintiff's opposition to such discrimination and participation in the administrative process to end such discrimination, with malicious intent and in reckless disregard of plaintiff's rights, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

21. Plaintiff was required to obtain the services of the undersigned attorney to protect and vindicate the rights to equal employment opportunity secured to plaintiff by law.

22. Because the conduct of the Defendants was accomplished with malicious intent and in reckless disregard of plaintiff's rights, plaintiff should recover punitive damages from the Defendants.

Wherefore, Plaintiff, LaRia Crews, by counsel, April L. Board, respectfully prays that Defendants be cited to appear and answer in this action, and that upon the evidence, finding of the jury and applicable law, the court enter judgment:

1. Declaring that the Defendants, City of Gary Police Department and the City of Gary have maintained and continue to maintain a policy and practice of racial and sex discrimination.

2. Directing the Defendants, City of Gary and City of Gary Police Department to issue injunctive orders to eliminate such policy and practice.

3. Directing the Defendants, City of Gary and City of Gary Police Department to take specific corrective action for the discrimination and retaliation of plaintiff in the past and protecting plaintiff from further acts of discrimination and retaliation in the future.

4. Awarding plaintiff back pay, compensatory damages and punitive damages against the Defendants.

5. Awarding plaintiff compensatory and punitive damages against Sgt. Pete Sormaz and Chief Wade Ingram.

6. Determining and awarding a reasonable attorney's fee and the costs and expenses of this action to plaintiff and her counsel against the Defendants.

7. Including pre-judgment and post-judgment interest as provided by law.

8. All other relief to which plaintiff shows herself entitled at law or in equity.

Respectfully submitted,

April L. Board - #17019-26
Attorney for Plaintiff
52 S. Valparaiso Street
Valparaiso, IN 46383
Phone: (219) 477-2445

## JURY DEMAND

Plaintiff demands trial by jury on all issues presented herein.

Respectfully submitted,

April L. Board - #17019-26
Attorney for Plaintiff
52 S. Valparaiso Street
Valparaiso, IN 46383
Phone: (219) 477-2445